IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMMANUEL TYREE HOLLIDAY, | : |
| Plaintiff, | : |
| v. | : Civ. No. 21-1300-CFC |
| LOUIS WELLS, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

At Wilmington on this 17th day of October in 2023, having considered Defendant Wells' motion to dismiss (D.I. 28), Plaintiff's requests for appointed counsel (D.I. 37, 38, 40, 41), and the Court's July 21, 2023 Order directing compliance with the February 23, 2023 Supplemental Service Order (D.I. 36);

1. Plaintiff Emmanuel Tyree Holliday, currently incarcerated at the Howard R. Young Correctional Institution, proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) On November 10, 2022, the Court screened the Complaint, identified what appeared to be cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B), and entered a service order. (D.I. 19) On April 10, 2023, Defendant Wells filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 28).

2.	The legal standard used when screening cases for failure to state a claim pursuant to §1915A(b) and § 1915(e)(2)(B)(ii) is identical to the Rule 12(b)(6) dismissal standard. *See Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Nothing has changed since the Complaint was screened. In addition, the Court must liberally construe the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court concludes that the allegations contained in the Complaint are sufficient to withstand the instant motion to dismiss and, therefore, denies the motion.[1]

3.	Plaintiff previously requested appointed counsel twice (D.I. 31, 33) and those requests were denied without prejudice. (D.I. 36) His four latest

---

[1] Although Defendant Wells invokes qualified immunity, the Court will not address the issue at this juncture. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido, Cal. v. Emmons*, 139 S. Ct. 500, 503 (2019). "[I]t is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." *Newland v. Reehorst*, 328 F. App'x 788, 791 n.3 (3d Cir. 2009); *see also Pearson v. Callahan*, 555 U.S. 223, 239 (2009). A full analysis of whether qualified immunity applies to Plaintiff's claims against Defendant Wells is premature because there are unresolved questions of fact relevant to the analysis. Therefore, the Court will deny the motion to dismiss on the grounds of a qualified immunity defense at this stage of the litigation, without prejudice to Defendant Wells' ability to later raise the defense.

requests for appointed counsel (D.I. 37, 38, 40, 41) will also be denied without prejudice for the reasons previously explained.

4. On February 24, 2023, Plaintiff was ordered to complete and return to the Clerk of Court an original U.S. Marshal 285 form for Defendant Medina and a copy of the Complaint within 30 days. (D.I. 23) He failed to do so. On July 21, 2023, Plaintiff was ordered to comply with the February 24, 2023 Order on or before August 4, 2023, and was advised that if he failed to do so, Defendant Medina would be dismissed for failure to effectuate service. (D.I. 36) On September 6, 2023, the Court received a deficient 285 form. Defendant Medina will be dismissed without prejudice.

Now therefore, IT IS HEREBY ORDERED that:

1. Defendant Wells' motion to dismiss (D.I. 28) is **DENIED**.

2. Plaintiff's requests for appointed counsel (D.I. 37, 38, 40, 41) are **DENIED without prejudice to renew**.

3. Defendant Medina is **DISMISSED** without prejudice based on Plaintiff's failure to effectuate service. See Fed. R. Civ. P. 4(m).

4. Defendant Wells is directed to file an answer within twenty-one (21) days of the date of this Memorandum Order.

_____
Chief Judge